# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

KENNETH L. MOORE,
   Appellant,

  v.

UNITED STATES POSTAL SERVICE,
   Agency.

DOCKET NUMBERS
DE-0752-15-0552-X-1
DE-0752-15-0552-C-1

DATE: August 22, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kenneth L. Moore, Colorado Springs, Colorado, pro se.

Alex Rivera, Denver, Colorado, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1  In a March 18, 2022 nonfinal order, the Board found the agency in partial noncompliance with its November 25, 2015 final decision reversing the appellant's removal and ordering the agency to retroactively restore him with back pay and benefits. *Moore v. U.S. Postal Service*, MSPB Docket

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

No. DE-0752-15-0552-I-1, Initial Appeal File, Tab 19, Initial Decision (ID)[2]; *Moore v. U.S. Postal Service*, MSPB Docket No. DE-0752-15-0552-C-1, Order (Mar. 18, 2022) (Mar. 18, 2022 Order); *Moore v. U.S. Postal Service*, MSPB Docket No. DE-0752-15-0552-C-1, Compliance Petition for Review File, Tab 8. For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2 In a July 11, 2016 compliance initial decision, the administrative judge found the agency in full compliance with the final decision in the underlying appeal and denied the appellant's petition for enforcement. *Moore v. U.S. Postal Service*, MSPB Docket No. DE-0752-15-0552-C-1, Compliance File (CF), Compliance Initial Decision. The appellant petitioned for review, arguing again, in relevant part, that the agency had not restored his Federal Employee Retirement System (FERS) retirement contributions. CF, Tab 1. He explained and provided evidence showing that, prior to his removal, he received paystubs reflecting a FERS retirement contribution balance of $3,715.17,[3] but that, after the agency cancelled his removal, his paystubs reflected a FERS retirement contribution balance of zero. CF, Tab 1 at 34-39, 41.

¶3 In a March 18, 2022 nonfinal order, the Board found that neither the agency, nor the compliance initial decision, had addressed the appellant's claims regarding the restoration of his FERS retirement contributions. Mar. 18, 2022

---

[2] The initial decision became the final decision of the Board on December 30, 2015, after neither party petitioned for review. ID at 16.

[3] The appellant provided a set of undated paystubs from pay periods "06 15" to "20 15" showing this amount for his retirement contributions; however, the agency stated that upon his removal, his retirement contributions actually totaled $3,800.04. CF, Tab 1 at 34-39; *Moore v. U.S. Postal Service*, MSPB Docket No. DE-0752-15-0552-X-1, Compliance Referral File (CRF), Tab 2 at 7. The agency explained that this amount encompasses $3,715.17 that he cumulatively accrued through 2014, plus $84.87 that he accrued in 2015. CRF, Tab 2 at 7.

Order, ¶ 13. Accordingly, the Board granted the appellant's petition for enforcement, in part, and ordered the agency to submit to the Clerk of Board "proof of the amount of FERS retirement contributions it restored to the appellant and how it arrived at that figure, including an accounting of any credits or deductions following the August 7, 2015 removal action" and "evidence that the appellant's leave and earning statements accurately reflect his FERS retirement contributions." *Id.*, ¶ 15. The Board notified the appellant that he may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission and cautioned him that, if he did not respond, the Board "may assume he is satisfied with the agency's action and dismiss the petition for enforcement." *Id.*, ¶ 18.

¶4        In an April 7, 2022 compliance submission, the agency stated that it was in compliance with the Board's March 18, 2022 Order and provided as evidence a declaration from the Acting Lead Systems Accountant and two Service History Inquiry reports. *Moore v. U.S. Postal Service*, MSPB Docket No. DE-0752-15-0552-X-1, Compliance Referral File, Tab 2. The declaration and reports reflect that, upon the appellant's removal, the agency transmitted his then-accrued FERS retirement contribution total of $3,800.04 to the Office of Personnel Management (OPM) on October 1, 2015. *Id.* at 7, 9. The declarant explained that:

> [w]hen reactivation following separation happens, and [the agency] has already transmitted FERS funds to OPM on the employee's behalf, [the agency] does not claw back the money from OPM. Rather, the money stays at OPM, connected to the employee's FERS account. OPM is responsible for the reactivated employee's money once it receives it, and does not give it back to [the agency].

*Id.* at 7. Therefore, the declarant further explained, the appellant's post-reinstatement paystubs do not reflect the FERS retirement contributions he made prior to his removal, as these contributions were maintained by OPM instead of the agency. *Id.* at 8. The agency's evidence additionally reflects that, after the appellant was reinstated, he separated from the agency on February 16,

2018,[4] and that the agency transferred $330.45 in newly accrued FERS retirement contributions to OPM on March 22, 2018. *Id.* at 8, 11. The appellant did not respond to the agency's submission.

## ANALYSIS

¶5 When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶6 Here, as noted above, to establish compliance with the Board's final decision in the underlying appeal, the agency had to provide "proof of the amount of FERS retirement contributions it restored to the appellant and how it arrived at that figure, including an accounting of any credits or deductions following the August 7, 2015 removal action" and "evidence that the appellant's leave and earning statements accurately reflect his FERS retirement contributions." Mar. 18, 2022 Order, ¶ 15. The agency's submission reflects that the appellant accrued $4,130.49 in FERS retirement contributions during his employment with the agency and that this amount was transmitted to OPM in two separate installments: $3,800.04 following his August 7, 2015 removal and $330.45 following his February 16, 2018 separation. In addition, the agency explained

---

[4] The agency's December 24, 2018 Service History Inquiry report for the appellant includes a line item which states, in relevant part, "02-16-18 SEPARATION-DISAB."

that appellant's post-reinstatement paystubs do not reflect his pre-removal FERS retirement contributions because the agency does not maintain or "claw back" employee FERS retirement contributions that have already been transmitted to the OPM.

¶7 The appellant has not responded to the agency's compliance submission, despite being notified of his opportunity to do so and being cautioned that the Board may assume he is satisfied and dismiss his petition for enforcement if he did not respond. *Id.*, ¶ 18. Accordingly, we assume that the appellant is satisfied with the agency's compliance. *See Baumgartner v. Department of Housing & Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶8 In light of the foregoing, we find that the agency is now in compliance and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                              _____
                              Jennifer Everling
                              Acting Clerk of the Board
Washington, D.C.